IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

Filed at 4:00 PM
4/15, 2005

DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.   : | Case No. |
| : | 6:05-CR-03 (HL) |
| DOUGLAS C. ROGERS, : | |
| : | |
| Defendant.   : | |

## ORDER

Defendant, Douglas C. Rogers, has been charged in a superseding indictment with having committed five counts of the offense of mail fraud in violation of 18 U.S.C. §§ 1341 & 1346. Defendant has filed several motions related to the indictment. After consideration of the law and the briefs of the parties, the Court hereby directs as follows.

1. Defendant's Motion to Dismiss Indictment under F.R.C.P. Rule 12 [tab 16] is moot. After Defendant filed his Motion to Dismiss Indictment, the Government filed a Superseding Indictment. The arguments presented by Defendant in his Motion to Dismiss Indictment have been restated in Defendant's Motion to Dismiss Superseding Indictment, which is discussed below.

2. Defendant's Motion to Strike Surplusage from Indictment [tab 17] is moot. After Defendant filed his Motion to Strike Surplusage from Indictment, the Government filed a Superseding Indictment. The arguments presented by Defendant in his Motion to Strike Surplusage have been restated in Defendant's Motion to Strike Surplusage from Superseding Indictment, which is discussed below.

3. Defendant's Motion to Dismiss Superseding Indictment Under F.R.C.P. Rule 12 [tab 34] is denied. Defendant contends the Superseding Indictment fails to state an offense and,

therefore, should be dismissed.

In order to dismiss an indictment for failure to state an offense, a court must find that the indictment does not contain the elements of the offense intended to be charge. United States v. Uni Oil, Inc., 646 F.2d 946, 953 (5th Cir. 1981). Conversely, an indictment is sufficient if it contains all the elements of the alleged offense. United States v. Kent, 608 F.2d 542, 545 (5th Cir. 1979). An indictment for mail fraud under 18 U.S.C. § 1341 requires (1) a scheme or artifice to defraud, (2) which involves a use of the mails or a private or commercial interstate carrier, (3) for the purpose of executing the scheme. Kent, 608 F.2d at 545. The Code provides that the term "scheme or artifice to defraud" includes a scheme or artifice to deprive another of the intangible right of honest services. 18 U.S.C. § 1346 (West 2000).

Here, the Superseding Indictment alleges that while acting as the guardian of an incompetent adult, and while acting as the trustee of the trust of the same incompetent adult, Defendant engaged in a scheme to defraud the incompetent adult of money through transactions involving the obtaining of $200,000 and $10,000 from a life insurance company, and that he used the mails or a commercial carrier to execute the scheme. The Superseding Indictment further alleges that while acting as the guardian and the trustee, Defendant's acts in carrying out the scheme, by obtaining $200,000 and $10,000 from a life insurance company, served to deprive the incompetent adult of his honest services as a fiduciary, and that he used the mails or a commercial carrier to execute the scheme. In the Court's view, these allegations are sufficient to withstand Defendant's Motion to Dismiss the Superseding Indictment, in that the Superseding Indictment contains all of the elements of the offenses charged.

Defendant's contentions–that his conduct was authorized by the Trust agreement, that his conduct was not criminal, and that he did not violate any orders of the probate court–suggest

defenses that he might raise at trial, but they do not undercut the sufficiency of the Superseding Indictment. Defendant's Motion to Dismiss Superseding Indictment Under F.R.C.P. Rule 12 is denied.

4. Defendant's Motion to Strike Surplusage from Superseding Indictment [tab 35] is denied. Defendant has failed to satisfy the Court that the allegations which Defendant wants the Court to strike are not relevant to the charge.

5. Defendant's Motion for Disclosure of Grand Jury Information and a Copy of the Transcript for the Superseding Indictment [tab 36] is moot. The Government has agreed to provide Defendant with copies of witness statements as soon as they are transcribed. The Government is directed to act promptly in getting the statements transcribed.

6. The Government's Motion in Limine to Prevent Issue of Civil Action Against Defendant Being Mentioned [tab 44] is denied. As a general matter the Court agrees with the Government that the civil action has no place in the criminal action, but acknowledges that the testimony of witnesses or other evidence produced during the trial may make the civil action relevant. Therefore, the Court directs that in the event that either party reaches a point in the trial where they believe it is necessary to present evidence concerning the civil action, they should first discuss the matter with the Court.

7. Defendant's oral motion for continuance, made at the pretrial conference on April 13, 2005, is denied.

**SO ORDERED**, this the  15  day of  April , 2005.

HUGH LAWSON, Judge

mls