**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**THOMASVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Case No.** |
| | : | **6:05-CR-03 (HL)** |
| **DOUGLAS C. ROGERS,** | : | |
| | : | |
| **Defendant.** | : | |

# O R D E R

On August 22, 2005, Defendant, Douglas C. Rogers, filed a Motion for Appointment of Appellate Counsel [doc 71]. In the Motion, Rogers alleged that he was indigent and unable to obtain counsel for purposes of appeal. On the same day, United States Magistrate Judge Richard Hodge granted the Motion for Appointment of Appellate Counsel [doc 72].

At the time of his indictment and arrest, Rogers retained Miles Hannan as counsel to represent him in this case. Hannan continued to represent Rogers through the time of trial, as well as during sentencing. Under the local rules of this Court, Hannan is obligated to continue to represent Rogers until his direct appeal is concluded, irrespective of Rogers' current financial status. Specifically, Local Criminal Rule 57 states:

> In every criminal case defense attorneys shall make fee and other necessary financial arrangements satisfactory to themselves and sufficient to provide for representation of the client until the conclusion of the client's case. For purposes of this rule, a client's case is not concluded until his direct appeal, if any, is finally decided.

Local Crim. R. 57d.(1).

In the event that a defendant who was previously represented by retained counsel should desire to proceed on appeal *in forma pauperis* and moves for appointment of appellate counsel

under the Criminal Justice Act, the local rules provide a specific procedure that must be followed before new counsel is appointed. Specifically, Local Criminal Rule 57 *requires* retained counsel "to disclose *in camera* the total amount of fees and costs received from every source; by whom the fees and costs were paid; and the costs actually incurred and services actually rendered." Local Crim. R. 57d.(3).

In this case, retained counsel has not complied with the requirements of Local Criminal Rule 57d.(3). Thus the decision to appoint Hannan as Rogers' appellate counsel under the Criminal Justice Act was made without reviewing the amount of fees Hannan has received and without reviewing the costs Hannan has incurred or the services actually rendered. As a result, it was error for the Magistrate Judge to grant Defendant's Motion for Appointment of Appellate Counsel. Therefore, the Court hereby vacates the Magistrate Judge's Order of August 22, 2005 [doc 72]; the Motion for Appointment of Appellate Counsel remains pending before this Court. Miles Hannan is hereby directed to disclose to the Court, *in camera*, (1) the total amount of fees and costs received from every source, (2) by whom such fees and costs were paid, and (3) the costs actually incurred thus far during the representation, as well as services actually rendered. The disclosures should be made not later than 10 days from the date of entry of this Order. Once the disclosures have been received, the Court will rule on the pending Motion.

**SO ORDERED**, this the 24th day of August, 2005.

                                                 **s/   Hugh Lawson**
                                                 **HUGH LAWSON, Judge**

mls