**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **Case No.** |
| : | **6:05-CR-03 (HL)** |
| **DOUGLAS C. ROGERS,** : | |
| : | |
| **Defendant.** : | |

# O R D E R

On August 22, 2005, Defendant, Douglas C. Rogers, filed a Motion for Appointment of Appellate Counsel [doc 71]. Rogers has filed an affidavit swearing that he is indigent and has requested that his trial counsel, B. Miles Hannan, be appointed to represent him on appeal.

Pursuant to the local rules, the Court has investigated the financial arrangements made by Hannan and Rogers at the time Hannan was retained and finds that Hannan, in anticipation of a negotiated plea, agreed to represent Rogers for a fee of $7,500; that plea negotiations were unsuccessful and a trial was necessary; that Hannan has expended to-date a total of 134 hours in this case, including preparation for and the trial, and has incurred $1,041.01 in out-of-pocket expenses; and that Hannan has been paid a total of $6,500 by Rogers' father to be applied against the account, with no expectation of receiving more payments from either Rogers or Rogers' family. Thus, Hannan has received payment for his services in this case at a rate of $48.50 per hour.[1]

---

[1] The Court notes that counsel appointed by the Court to represent indigent defendants are paid at the rate of $90 per hour.

Local Criminal Rule 57, which requires counsel to anticipate and prepare financially for the representation of a defendant in a criminal case through the direct appeal, is designed to prevent a lawyer from reaping a windfall and casting the burden of appellate expense upon the public. Clearly, such is not the case here. Hannan, who provided Rogers an able and vigorous defense at trial, advises the Court that he is prepared to represent Rogers on appeal without compensation if that should become necessary. The Court finds that Hannan has conducted and is prepared to continue to conduct himself according to high professional standards, and that it is in the best interest of his client, as well as the administration of justice, that he be appointed to represent Rogers on appeal, and that he be paid at the usual rate. Accordingly, the Motion for Appointment of Appellate Counsel is hereby granted.

**SO ORDERED**, this the 7th day of September, 2005.

s/   Hugh Lawson
**HUGH LAWSON, Judge**

mls